**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No. **5:26-cv-00007-DTB** Date: **September 22, 2026**

Title: **Richard Morin, et al v. Ford Motor Company**

=================================================================

**DOCKET ENTRY**

=================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| | |
|---|---|
| Rebecca Camacho | n/a |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF: None present

ATTORNEYS PRESENT FOR DEFENDANT(S): None present

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO PROSECUTE; AND (2) DIRECTING THE CLERK OF COURT TO CLOSE THE CASE**

On October 23, 2025, plaintiffs Richard Morin and Joyce Morin ("Plaintiffs") filed a Complaint against Ford Motor Company, a Delaware Corporation ("Ford"), and Does 1 through 10 in Riverside County Superior Court. On January 2, 2026, Defendant Ford removed the action to this Court. (Docket No. 1).

On June 25, 2026, Plaintiffs' Counsel filed a Motion to Withdraw as Attorney of Record asserting that Counsel had been unable to communicate with Plaintiffs. (Docket No. 17-1).

On July 21, 2026, the Court granted the Motion to Withdraw as Attorney of Record. (Docket No. 23). Plaintiffs were ordered to show cause ("OSC") on August 13, 2026, at 10:00 a.m., why this action should not be dismissed for failure to prosecute. Plaintiffs were advised that if they appeared pro se, or with new counsel, prior to the August 13, 2026 hearing on the OSC, the same would be vacated.

On August 13, 2026, the Court, *sua sponte*, continued the hearing on the OSC to August 19, 2026. (Docket No. 26).

On August 19, 2026, the Court held the hearing on the OSC. No appearance was made by Plaintiffs. However, Matthew Kenneth Treybig, Esq., of Quill and Arrow, LLP, appeared remotely after having been previously been relieved as counsel of record for Plaintiffs. Mr. Treybig appeared and provided the Court with an update regarding

Plaintiffs. For the reasons stated on the record, Mr. Treybig requested a continuance of the OSC hearing and the Court continued the OSC hearing to September 18, 2026.

On September 18, 2026, the Court held the hearing on the OSC. Again, no appearance was made by Plaintiffs.

Federal Rule of Civil Procedure 4l(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed.R.Civ.P. 4l(b); Wolff v. California, 318 F.R.D. 627,630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 4l(b). Anderson v. Air W., Inc., 542 F.2d 522,524 (9th Cir. 1976). Plaintiffs failed to comply with the Court's OSC by the Court ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

Here, the Court finds that dismissal of the action is appropriate. The first two factors - the public's interest in expeditious resolution of litigation and the Court's need to manage its docket - relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. Plaintiffs has unreasonably delayed this action without explanation by failing to respond to Mr. Treybig's numerous phone calls, text messages, and voicemails, as well as to the Court's OSC.

Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Any additional delay will prejudice Defendant, forcing Defendant to expend needless resources defending this action. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay."). Moreover, less drastic sanctions are not realistic. The Court has already issued the OSC, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order

will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiffs' action for failure to comply with court orders and **DIRECTS** the Clerk of Court to close the case. (JS-6)

**IT IS SO ORDERED**.